## Knepfle v. Lauffer.

(Decided December 13, 1918.)

### Appeal from Campbell Circuit Court.

1. Municipal Corporations—Closing Streets for Repairs—Injury to Pedestrians.—A municipality may entirely close a street to travel while same is being repaired or rebuilt, and when a street is so closed a pedestrian injured while traveling thereon through defects therein is without remedy.

2. Municipal Corporations—Streets Closed to Travel—Personal Injuries.—Where a city street is being rebuilt by a contractor who has full authority from the municipality to blockade the streets and close same to travel, and such blockade is made by the erection in and across the street of wooden horses of such size and form as to warn travelers exercising ordinary care that the street is closed to travel, the contractor is not liable in damages for injury occurring through the defective condition of the street. Neither is the municipality liable in such case.

3. Municipal Corporations—Streets—Injury to Pedestrian—Contributory Negligence.—It is contributory negligence for a pedestrian to attempt to cross or travel upon a plainly blockaded street, or upon one which, in course of reconstruction, has been excavated in such manner as to be apparently dangerous.

C. T. BAKER for appellant.

JOHN S. ROEBUCK for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Knepfle contracted with the city of Bellevue to reconstruct Taylor avenue in that city, according to certain plans and specifications, and while he was engaged in the performance of the contract and had made excavations in said avenue at and near the intersection of Retreat street, Mrs. Lauffer fell and injured herself while crossing said intersection, and this action was instituted by her to recover damages for the injury. Bellevue is a city of the fourth class and has power to construct and reconstruct its streets, avenues and pavements. It is admitted that the city passed proper ordinances with respect to the reconstruction of Taylor avenue, and that the contract was duly let to Knepfle and that he was in the performance of it at the time of the injury to Mrs. Lauffer. All these things were charged in the petition and admitted in the answer. The answer also contained a plea of contributory negligence. The jury awarded the plaintiff $200.00 damages for pain and suffering, and $75.00 for medicine and medical attention, and Knepfle prays an appeal.

The accident happened on Sunday afternoon about two o'clock, while Mrs. Lauffer and her husband were taking a walk along Taylor avenue. It was a bright sunshiny day. The street had been reconstructed for some blocks and there were numerous barricades across the street to indicate that the street was closed to travel. At the intersections an excavation of about seventeen inches had been made below the sidewalk so that in crossing, it was necessary for Mrs. Lauffer to step down about seventeen inches, then cross the intersection on the loose dirt and again step up on reaching the other side of the street. This she did at other intersections before reaching Retreat. She says that when she came to Retreat she saw that it was being reconstructed, but, she says, she did not notice the barricades or signs indicating that the street was closed. The accident, as described by Mrs. Lauffer, occurred as follows:

"The paving was finished up Taylor avenue; between the intersecting streets where we started to walk out it was still dug out, and as we passed over the old bricks were piled up on the sidewalk so that only one could walk there, and as I started to step up on to the sidewalk at Retreat street there was a lot of brick piled there and I

stepped on it and my foot turned and I fell and struck my wrist right against the curb and I have suffered a great deal and I am sure it was no neglect of mine if I walked on these bricks, and my hand became swollen so badly. . . .

"Q. What was the condition of the street at the place where you stepped? A. It was torn out; Retreat street was dug down about a foot and a half about the width of the sidewalk and there was quite a step and if those broken brick hadn't been there I never would have fallen. Q. Could you get over on the other side of Retreat street without stepping in the street? A. No, sir; and there was no blockade there. Q. Did you see any blockade there at that time? A. No, sir; not at all. There was not any. Q. What was it that caused your fall? A. Those broken brick. Q. You saw the broken brick? A. No, sir, I did not; if I had seen them I would never have stepped on them, but they were there, and that was quite a step for me. I was not so young, and when I went to step up I stepped on one of these pieces of brick and my foot turned and threw me and my arm struck right against the curb. Q. You stepped down on the north side of Retreat street and crossed on the earth and stepped up on the other side? A. Yes, sir. Q. On the curb? A. Yes, sir. Q. Where were the bricks you claim you fell on? A. Right in front of me, where I went to step up. Q. On the sidewalk? A. No, sir, down in the dirt. Q. In the excavated part? A. Yes, sir; in the excavated part. Q. You stepped on these brick and shortened the step to the curb? A. To help me up and I suppose my foot just turned. Q. Were they whole bricks or pieces of bricks? A. Pieces of bricks; after we walked back again we examined them and seen what they were. Q. Were there many of them? A. Yes, sir; good many of them. Q. Good big pile? A. Not a very large pile; they were scattered around on the ground."

She introduced no other witness as to how the accident happened. In one of her answers she says she did not see the brick before she stepped on it, while in other parts of her testimony she indicates she saw the bricks scattered around on the ground before she fell, and in one answer she says she stepped upon one of the bricks in order to help her to step up on the curb as she was climbing out of Retreat street. At any rate it was bright daylight and barricades were scattered all around to indi-

cate that the street was closed, one of them being within reaching distance of her at the time of her fall, and she admits seeing and knowing that the excavation had been made and that the street was in course of reconstruction at the time and before her injury.

It is a well established rule that a municipality may entirely close a street while repairs are going on, and if a street is so closed there is no liability for injuries, provided the closed condition of the street is properly indicated by barriers reasonably sufficient in size and character to warn travelers and to impart notice that the street is closed. In this case the municipality gave Knepfle full authority as its agent and contractor to close and barricade the streets at the point of the accident, and this had been done by the placing of wooden horses about seven feet long and four feet high across the street with the words "blocked," in large letters, written thereon. The letters in the word are shown to have been seven inches high. The evidence is overwhelming that these barricades were in proper position in the street on the afternoon of the accident. Mrs. Lauffer alone contradicts this, and she, when pressed upon the point, admits she did not know whether the barricades were there or not, and states only that she did not observe them.

The appellant insists that he was entitled to a peremptory instruction at the conclusion of the evidence for plaintiff on the ground that Mrs. Lauffer at the time of her injury was traveling a closed street with knowledge of the fact, and in attempting to cross Retreat street was guilty of contributory negligence both in attempting to travel such an apparently dangerous way and in stepping upon the brick which turned and caused her to fall. She admits she saw the brick before she stepped on the one which precipitated her fall. If the apparent condition of the street at the point where Mrs. Lauffer undertook to cross was such as that a reasonably prudent person would not have attempted to cross at that point, then she was guilty of contributory negligence. She was likewise guilty of contributory negligence in going upon the street if it was barricaded to indicate that the same was closed and unsafe for travel, provided the barricade was of sufficient size and character and so located as to indicate to a reasonably prudent person that travel thereon was prohibited. Furthermore, if she selected a brick in the street as a stepping stone to raise herself to

the curb, she was guilty of contributory negligence, and is not entitled to recover.

One who deliberately attempts to cross a street which is in course of reconstruction and has been excavated, must exercise a degree of care commensurate with the danger encountered, and will not be allowed a recovery unless the street was open for travel. While we recognize the fact that Mrs. Lauffer suffered quite a painful injury, it is apparent from her evidence that she was guilty of such contributory negligence as but for which it would not have happened. If upon another trial the evidence is in substance the same as upon the last trial, a motion for peremptory instruction should be sustained.

Appeal granted and judgment reversed.